IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE RICHARDSON, 38397-177, ) | |
|     Petitioner, ) | |
| v. ) | 3:10-CV-1333-L |
| ) | 3:08-CR-0317-L |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner was indicted on a four-count indictment for: (1) shipping and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1); (2) possessing and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(2); (3) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2); and (4) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

On March 19, 2009, pursuant to a plea agreement, Petitioner pled guilty to counts one and four of the indictment. The Court sentenced him to 204 months imprisonment on count one and 60 months imprisonment on count four, to run concurrently, and a life term of supervised release. Petitioner did not file an appeal.

On July 7, 2010, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel, which rendered his guilty plea involuntary.

On September 24, 2010, Respondent filed its answer. On October 19, 2010, Petitioner filed a reply. The Court now finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the PSR and Factual Resume.

In March 2005, ICE Special Agent in Charge (SAC) Seattle began investigating internet users involved in the distribution and receipt of child pornography via the Google "Hello" file sharing program. The investigation resulted in the identification of over 300 distributors/recipients of child pornography. One of the individuals identified by operation Hello used the name "Cowboyspades." This user sent and received messages from the First United Methodist Church in Royce City, Texas. "Cowboyspades" was later identified as Steve Richardson, the pastor of the church.

On September 24, 2008, ICE agents executed a search warrant at First United Methodist Church in Royce City. Agents seized from Richardson's office a desktop computer that contained the images of child pornography. Richardson voluntarily acknowledged that he was Google Hello user "Cowboyspades" and admitted trading and possessing child pornography. Richardson acknowledges that he successfully traded child pornography with other Google Hello users.

Richardson agrees and admits that he possessed child pornography involving prepubescent minors, that he possessed more than 600 images of child pornography, and that he possessed sadistic, masochistic or other violent images involving minors. Richardson acknowledges that the images he possessed and distributed depicted real minors.

## III.  Discussion

1.   **Guilty Plea**

Petitioner argues his guilty plea was not knowingly and voluntarily entered. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

Additionally, prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See*

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, the record shows Petitioner stated he fully read the plea agreement, he discussed the plea agreement with his attorney, and he was comfortable that he fully understood everything in the agreement before he signed it. (Rearraignment at 10.) Petitioner was read the essential elements of the charges and he admitted he committed these elements. (*Id.* at 9.) He stated he was pleading guilty because he was in fact guilty and that no one coerced him to plead guilty. (*Id.* at 10.) He was informed of the range of punishment and he stated he understood the range of punishment. (*Id.* at 13-14.) He stated he read and understood the Factual Resume, and that the facts in the Factual Resume were true and correct. (*Id.* at 15.) He also stated he understood the appeal waiver provision in the plea agreement. (*Id.* at 13.) The Court finds Petitioner entered his guilty plea freely and voluntarily. Petitioner's claim should be denied.

**2.     Ineffective Assistance of Counsel**

Petitioner argues he received ineffective assistance of counsel which rendered his guilty plea involuntary. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's

performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)     Muddled Plea Agreement**

Petitioner argues his counsel was ineffective for allowing him to sign a "muddled plea agreement." He states he "has no recollection" that his attorney discussed with him the rights he was waiving or retaining under the plea agreement, including his right to appeal.

As discussed above, the record shows Petitioner stated he fully read the plea agreement, he discussed the plea agreement with his attorney, and he was comfortable that he fully understood everything in the agreement before he signed it. (Rearraignment at 10.) Additionally, the magistrate judge informed him as follows:

> JUDGE:     On page 5 in paragraph 11, there's a waiver of right to appeal. As I explained earlier, you've got the right to appeal whatever sentence you get, unless you give up that right. Do you understand that in Paragraph 11 you are agreeing to give up your right to appeal except in the limited circumstances of a sentence exceeding the statutory maximum punishment, an upward departure from the

> guideline range deemed applicable by the District Court, or an arithmetic error at sentencing?
>
> PETITIONER: Yes, ma'am.
>
> JUDGE: Paragraph 11 also has a waiver of right to otherwise challenge the sentence. You have the right to challenge your sentence through what we call a writ of habeas corpus, or a motion to vacate. Do you understand that in Paragraph 11 you've also agreed to give up that right, except in the limited circumstances of bringing a claim of ineffective assistance of counsel?
>
> PETITIONER: Yes, ma'am.

(Rearraignment at 11-12.) Additionally, at sentencing, the District Court informed Petitioner regarding an appeal as follows:

> Mr. Richardson, based upon the plea agreement, in particular, paragraph 11, page 5, and in light of what the Court has done here today, the Court does not believe there is any basis to appeal this decision. If you disagree, any appeal that you take must be taken within 10 days of the Court's written decision which will issue tomorrow.
>
> If you cannot afford the cost of an appeal, you have the right to ask for permission to proceed in forma pauperis. Also, if cannot afford an attorney to represent you on any appeal that you might be inclined to take, you will be provided an attorney for such representation on appeal.

(Sent. Tr. at 85.)

The records shows Petitioner was informed about the waiver of rights in his plea agreement and that Petitioner stated he understood the plea agreement. Petitioner's claim should be denied.

**(B) Appeal**

Petitioner argues his counsel was ineffective because he failed to consult with him regarding filing an appeal. The Fifth Circuit has determined that if a defendant shows by a preponderance of the evidence that he asked his attorney to file an appeal, and the attorney does

not do so, prejudice is presumed. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

As discussed above, the District Court informed him, "any appeal that you take must be taken within 10 days of the Court's written decision which will issue tomorrow." (Sentencing at 85.) Petitioner, however, states he did not tell his counsel after sentencing that he wanted to file an appeal because he "didn't have a chance." (Pet. Mem. at 6.) Although he knew he only had ten days to file an appeal, he states he sought a later meeting with his attorney, but was unable to speak with him before the ten days passed. He also submits an affidavit from his brother, Mike Richardson, who states he contacted defense counsel the day after sentencing and asked "about any appeal options." (Pet. Mem. at 61.) Mike Richardson does not allege that he instructed counsel that Petitioner wanted him to file an appeal despite the appeal waiver. Petitioner also does not allege that he or his brother left any messages for his attorney stating that he wanted to file an appeal. Petitioner's claim is without merit and should be denied.

**(C)   Pattern of Activity**

Petitioner argues his counsel was ineffective because he failed to argue that the five level increase for a "pattern of activity" under USSG § 2G2.2(b)(5) did not apply to him because although he engaged in "sexual contact" with his step-sister, he did not engage in "sexual acts" as defined in the guideline.

The PSR states:

Also on October 6, 2008, SSA Jester received information from a confidential source, herein referred to as CS-3, that Richardson had previously molested his step-sister. CS-3 advised that the molestation commenced when the victim was approximately 10 years old and Richardson was approximately 14 years old. The molestation continued for several years until the victim graduated from high school. CS-3 said Richardson would kiss and "fondle" the victim sexually; there was never any sexual intercourse; the molestation continued for several years and went unreported. . . .

(PSR at ¶ 54.). SSA Jester also spoke to the step-sister and she confirmed the information from CS-3. (Offense Report at Pet. Mem. at 70.)

> The term "sexual act" in § 2243(a) is defined, in pertinent part, in 18 U.S.C. § as:
>
> (D)   the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or gratify the sexual desire of any person.

Petitioner argues his counsel was ineffective for failing to argue that any fondling was done over the clothing, rather than under clothing, so this enhancement does not apply. Defense counsel, however, did argue that the offense involved only, "kissing and over the clothes fondling." (Motion for Downward Departure at 11.) Petitioner states defense counsel should have contacted the step-sister and should have called her to testify as to this claim. (Pet. Mem. at 16.) Petitioner, however, has submitted no evidence that the step-sister would have testified that he did not fondle her underneath her clothes and/or that she would testify favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner has failed to show his counsel was ineffective regarding this claim.

### (D)   Knowingly Possess

Petitioner argues his counsel was ineffective for failing to argue that Petitioner did not knowingly possess the child pornography found on church computers FUMC 002 and FUMC 003. These two computers were located at the church, but were not in Petitioner's office. Petitioner states he only possessed the child pornography found on his church office computer,

FUMC 001, which contained less than 600 images and did not the contain sadistic and masochistic images found on the other two computers. He also claims his attorney failed to explain the term "knowingly possess."

In the factual resume, Petitioner admitted as follows:

> Richardson also agrees and admits that he possessed child pornography involving prepubescent minors, that he possessed more than 600 images of child pornography, and that he possessed sadistic, masochistic or other violent images involving minors. Finally, Richardson acknowledges that the images he possessed and distributed depicted real minors.

(Factual Resume at 4.)

Petitioner stated under oath that he read and understood the Factual Resume, and that all facts contained therein were true and correct. (Rearraignment at 15.) Petitioner has failed to show his counsel was ineffective for not objecting to this evidence.

**(E)  Letter**

Petitioner argues his counsel was ineffective for failing to object to a letter sent by his ex-wife to the District Judge prior to sentencing. He states this letter was an ex parte communication that was not disclosed until just prior to sentencing. He states his counsel should have called his ex-wife to the stand to be questioned about the letter, and that counsel should have requested a continuance or recess to review the letter. A court may consider letters from the public prior to sentencing a defendant. *United States v. Ruiz-Arriaga*, 565 F.3d 280, 283 n.1 (5th Cir. 2009). Additionally, Petitioner has not shown that if counsel had filed a motion for continuance or a motion to call and question the ex-wife, there is a reasonable probability that the result of his sentencing would have been different. Petitioner's claim should be denied.

**(F)  Religious Discrimination**

Petitioner argues his counsel should have objected to the District Court's statement that:

> You talk about sexual impurity. It seems to me that people who are pastors, frankly speaking, because of their profession, because of their calling, if it is a true calling, ought to be more equipped to deal with those things than the ordinary person.
>
> I am not saying that it is right for anybody to engage in that type of conduct, but frankly speaking, I would expect a pastor to be able to withstand that type of activity more than the ordinary person, just like I would expect a judge not to be breaking the law.

(Sent. Tr. at 66.) Petitioner argues the his counsel should have objected to the Court's statements on the basis of religious discrimination. Petitioner's claim is frivolous and he has failed to show his counsel was constitutionally ineffective for failing to raise this claim. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to file frivolous motions).

**(G)     Cumulate Error**

Petitioner argues his counsel was ineffective based on the cumulative errors alleged above. The Court has determined that Petitioner's claims are without merit. His claim of cumulative error should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 10th day of August, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).