IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE RICHARDSON, 38397-177**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-1333-L** |
| | § | Criminal No. 3:08-CR-0317-L |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

Before the court is Steve Richardson's ("Petitioner" or "Richardson") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 7, 2010.  The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 18, 2012, recommending that the motion be denied.

## I.      Background

As noted in the Report of the magistrate judge, Richardson was indicted on a four-count indictment for: (1) shipping and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1); (2) possessing and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(2); (3) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2); and (4) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  On March 19, 2009, pursuant to a plea agreement, Richardson pled guilty to Counts 1 and 4 of the indictment. Richardson was sentenced to 204 months imprisonment on Count 1 and 60 months imprisonment on Count 4,

to run concurrently, and a life term of supervised release.  Counts 2 and 3 of the indictment were dismissed pursuant to the court's criminal judgment of June 29, 2009.

Richardson's habeas petition is based on his assertion that his guilty plea was not entered knowingly and voluntarily and he received ineffective assistance of counsel because counsel: (1) permitted him to sign a plea agreement that contained "muddled" language regarding Richardson's right to appeal; (2) failed to consult with him regarding the filing of an appeal; (3) failed to argue that the five-level increase under the guidelines for a "pattern of activity" did not apply to him because he engaged in "sexual contact" but not "sexual acts" with his step-sister; (4) failed to argue that Richardson did not knowingly possess and transport the child pornography; (5) failed to request a continuance after being provided a letter from Richardson's ex-wife minutes before the sentencing hearing; (6) failed to object based on religious discrimination to the court's statements regarding Richardson being a pastor; and (7) committed cumulative errors.   Richardson requested and was given an extension to file objections to the Report. On September 28, 2012, Richardson filed an 18-page Reply in Opposition to Report and Recommendations of Magistrate Judge in which he asserts a number of objections that are summarized and addressed herein.

## II.   Objections

### A.   Voluntariness of Plea Agreement

Richardson contends, as he did to the magistrate judge, that his plea was involuntary because he told his lawyer that he did not want to sign the plea agreement; however, as noted by the magistrate judge, the record reflects that Richardson understood the plea agreement before signing it, including the appeal waiver provision, and that no one coerced him to plead guilty.  Accordingly, the court **overrules** this objection.

### B.      Ineffective Assistance of Counsel

### 1.      "Muddled" Plea Agreement

Richardson argues now that he did not understand the "muddled" language in the plea agreement regarding his right to appeal, whereas he argued to the magistrate judge that he was unaware of the language in the plea agreement regarding his right to appeal.  As previously noted, the record reflects that Richardson acknowledged he had fully read and understood the plea agreement.  The court therefore **overrules** this objection.

### 2.      Appeal

Richardson contends that he wanted his attorney to appeal but his attorney took no steps to appeal.  As correctly noted by the magistrate judge, neither Richardson nor his brother specifically state in their affidavits that they actually requested Richardson's attorney to file an appeal.  Instead, Richardson's brother merely asked counsel about appeal options.  The court therefore **overrules** this objection.

Richardson also requests that he be allowed to file an out-of-time appeal pursuant to *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).  In *West*, the court explained as follows regarding out-of-time appeals:

> The time for appeal commences to run the day "*the judgment or order appealed from* is entered." Fed. R. App. P. 4(a)(1)(B) (emphasis added); Fed. R. App. P. 4(b)(1)(A) (emphasis added). The judgment granting an out-of-time direct criminal appeal is simply the mechanism by which a defendant is able to appeal directly from her earlier, underlying criminal judgment. Accordingly, for her out-of-time appeal, West is not appealing the civil judgment entered 9 December 1999 on her § 2255 motion, but rather the earlier, underlying criminal judgment, entered 26 February 1996. (Again, because of the limited nature of her notice of appeal, West appealed only the underlying criminal judgment; she did not also appeal the § 2255 civil judgment, even though some of the relief requested in her § 2255 motion was denied by that judgment.) Therefore, the 10-day period under Rule 4(b)(1)(A) (appeal in criminal case) applies.

> Of course, a district court does not have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal. Compliance with the Federal Rules of Appellate Procedure is imperative. Rule 4(b)(1)(A) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed. . . ." Fed. R. App. P. 4(b)(1)(A) (emphasis added). "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6).

*West,* 240 F.3d at 459.  Because Richardson did not file an appeal within 10 days after entry of the underlying criminal judgment,[1] the court does not have authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal.  Moreover, the court finds that an extension of the time to appeal is not warranted under Federal Rule of Appellate Procedure 4(b)(4).  The request in this regard is therefore **denied**.

### 3.    Pattern of Activity

Richardson contends that information in the record regarding the "pattern of activity" enhancement proves his attorney was ineffective.  Richardson argues that while he had "sexual contact" with his step-sister over her clothing, he did not engage in "sexual acts" as defined by the guideline.  The magistrate judge noted that information contained in the presentence report was confirmed by Richardson's step-sister to be correct and included the following facts:

> Also on October 6, 2008, SSA Jester received information from a confidential source, herein referred to as CS-3, that Richardson had previously molested his step-sister. CS-3 advised that the molestation commenced when the victim was approximately 10 years old and Richardson was approximately 14 years old. The molestation continued for several years until the victim graduated from high school. CS-3 said Richardson would kiss and "fondle" the victim sexually; there was never any sexual intercourse; the molestation continued for several years and went unreported.

---

[1] The time to file an appeal is now "14 days after the entry of judgment or order being appealed." Fed. R. App. P. 4(b)(1)(A)(i).  This change, however, does not affect the court's decision.

Report 7 (quoting PSR ¶ 54).  Moreover, Richardson's attorney did argue that the offense involved only "kissing and over the clothes fondling."  The magistrate judge also determined that there is no evidence the step-sister would have agreed to testify favorably for the defense if she had been requested to testify.  The court agrees and **overrules** this objection.

### 4.    Knowingly Possess and Transport

Richardson contends that while his factual resume indicates that he possessed and transported child pornography, it does not state that he did so knowingly and counsel was ineffective for failing to raise this issue. As previously noted, Richardson pleaded guilty to Counts 1 and 4 of the indictment for shipping and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and Counts 2 and 3 of the indictment were dismissed.  Richardson's objection therefore lacks merit and is **overruled.**

### 5.    Ex-wife's Letter

Richardson contends that his counsel was ineffective for failing to request a continuance after receiving a copy of a letter from Richardson's ex-wife shortly before his sentencing hearing.  As noted by the magistrate judge, Richardson has not shown a reasonable probability that he would have received a different or lower sentence had his attorney requested a continuance. The court therefore **overrules** this objection.

### 6.    Religious Discrimination

Richardson contends that his counsel was ineffective for failing to object to the following statement by the court during the sentencing hearing:

> You talk about sexual impurity. It seems to me that people who are pastors, frankly speaking, because of their profession, because of their calling, if it is a true calling, ought to be more equipped to deal with those things than the ordinary person.

**Order – Page 5**

I am not saying that it is right for anybody to engage in that type of conduct, but frankly speaking, I would expect a pastor to be able to withstand that type of activity more than the ordinary person, just like I would expect a judge not to be breaking the law.

Report 10 (quoting R. at 66). The magistrate judge determined that Richardson's claim in this regard was frivolous. The court agrees and concludes that there is no evidence that the court's statement in this regard affected Richardson's sentence or that an objection to the foregoing statement would have resulted in a different or lower sentence. The court therefore **overrules** the objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **denies** Richardson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 9th day of October, 2012.


Sam A. Lindsay
United States District Judge